CLERK'S COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GARY RAY CORSE,

    Plaintiff,

v.

CHRISTINE McCORMICK,
SHIAME OKUNOR,
MARILYN DAVIS,

    Defendants.



FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

SEP 1 0 1999

CLERK

No. CIV-97-0516 BB/LFG

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the motion to dismiss (Doc. #27) filed March 10, 1999, by Defendants McCormick, Okunor, and Davis ("Movants"). Movants argue that Plaintiff's claims against them in their official capacities are barred and that no relief can be granted on Plaintiff's individual-capacity claims. For the reasons below, the motion will be granted.

By order entered December 16, 1997, the Court dismissed Plaintiff's original complaint for failure to state a claim, with leave to amend. Plaintiff filed an amended (partial) complaint the next day. No further pleading was filed, and Plaintiff did not serve summonses on Defendants other than Movants. By order of July 9, 1999, the Court dismissed claims against Defendants other than Movants and allowed Plaintiff time to respond to Movants' motion to dismiss. A response and a reply were filed.

Plaintiff's complaint was filed under 42 U.S.C. § 1983 and asserts claims arising from events that allegedly occurred while he was a student at the University of New Mexico. In the amended



complaint he first alleges that, in a class taught by Movant Okunor, he was assaulted by Movant Davis, who was a student and a staff director of a program affiliated with Plaintiff's course work. The assault was in the form of a violent gesture, "reverse racial epithets," and a demand that Plaintiff leave the classroom. Plaintiff tape recorded a second, similar incident "as a prelude to inaction" by Movant Okunor. Plaintiff proffers the tape recording as "an approach to analyze component parts of University of New Mexico fraud so that the Federal Court sees meanings, causes, and consequences of the Defendants acting...." He was "terminated" from the class and received a failing grade.

Plaintiff's second claim arises from a class taught by Movant McCormick. McCormick allegedly initiated a conspiracy against Plaintiff after a verbal encounter between Plaintiff and another student, former Defendant Stowe. Shortly after the incident, Plaintiff submitted two papers in McCormick's class; the papers were in the form of "'Educational Scenario[s]'" based on two prior court cases between Plaintiff and other state universities. He believes McCormick tampered with one of the papers and forwarded them to the dean of students. McCormick then "finalized" the conspiracy with the dean who wrote a "'Marked'" letter that resulted in a harassment charge against Plaintiff by former Defendant Stowe.

The crux of the motion to dismiss is that Plaintiff's

allegations are legally insufficient to support a claim that he has been deprived of a federal right. A complaint under § 1983 must allege facts demonstrating the two elements of the statute: that a federal right was violated and that the deprivation was caused by a person acting "under color of state law." *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Houston v. Reich*, 932 F.2d 883, 890 (10th Cir. 1991). In the absence of a factual basis for either element, a complaint does not state a claim under § 1983. *See, e.g., Baker v. McCollan*, 443 U.S. 137, 140 (1979) (plaintiff must allege a violation of a federally protected right).

The Court agrees that neither of Plaintiff's claims is supported by allegations sufficient to withstand scrutiny. Although "an individual's place in a post-secondary [education] program constitutes a protected property interest," *Harris v. Blake*, 798 F.2d 419, 422 (10th Cir. 1986), the complaint makes no connection between the alleged events and loss of this property interest. First, Plaintiff's confrontations with Davis and subsequent failure in Okunor's class simply do not implicate federal protections. Plaintiff has no liberty or property interest in a passing grade, *Gaspar v. Bruton*, 513 F.2d 843, 851 (10th Cir. 1975)(quoting *Connelly v. University of Vermont and State Agricultural College*, 244 F. Supp. 156, 161 (D. Vt. 1965), and he presents no basis for an equal protection violation. *Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence*, 927 F.2d 1111, 1118

3

(10th Cir. 1991); *Williams v. Meese*, 926 F.2d 994, 998 (10th Cir. 1991). The second claim provides no factual support, other than Plaintiff's belief, for the alleged conspiracy leading to Stowe's harassment charge. *Sooner Products Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983). The complaint will be dismissed.

IT IS THEREFORE ORDERED that the motion to dismiss (Doc. #27) filed March 10, 1999, is GRANTED; Plaintiff's claims against Movants are DISMISSED with prejudice; and judgment will be entered in accordance with this opinion.

/s/ James A. Parker
UNITED STATES DISTRICT JUDGE